# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BOSCH LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) <br> ) **CIVIL ACTION NO. 12 CV 437** |
| TRICO PRODUCTS CORPORATION, AND TRICO PRODUCTS, | ) <br> ) **JURY TRIAL DEMANDED** <br> ) |
| Defendants. | ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Robert Bosch LLC ("Plaintiff"), through its attorneys, for its complaint against defendants Trico Products Corporation and Trico Products (collectively "Defendants" or "Trico"), avers as follows:

1. This action arises under the patent laws of the United States, Title 35 of the United States Code (for example, §§ 271, 281, 283, 284 and 285) as hereinafter more fully appears. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1338.

### COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,530,111

2. On March 11, 2003, United States Letters Patent No. 6,530,111 ("the '111 patent," attached as Exhibit A) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

3. Defendants have infringed and are still infringing the '111 patent directly and indirectly by making, importing, offering for sale, using and selling windshield wiper blades such as the TRICO NeoForm, TRICO Flex, TRICO Tech, and TRICO Force (the "Accused Products"), and will continue to do so unless enjoined by this Court.

4. Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '111 patent, Plaintiff will suffer irreparable harm.

5. Defendants have knowledge of the '111 patent and that the Accused Products, when used with "top lock" (or "pinch tab") wiper arms, directly infringe the '111 patent.

6. On information and belief, Defendants contribute to and induce infringement of the '111 patent by advertising the infringing use in their promotional materials, and by instructing purchasers to infringe by posting installation videos on their website and including installation instructions with the Accused Products that show how to install the same on a "top lock" wiper arm. Such infringement is and continues to be willful and deliberate.

7. On information and belief, Defendants made and continue to make such advertisements and provide instructions with the knowledge and intent that use of the Accused Products with a "top lock" wiper arm would infringe the '111 patent.

8. The Accused Products form a material component of the claimed invention of the '111 patent.

9. The Accused Products include adapters that are intended to be used with "top lock" wiper arm and are configured to do so.

10. The Accused Products with the associated "top lock" connector are not staple articles or commodities of commerce and have no non-infringing uses.

11. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 6,553,607

12. On April 29, 2003, United States Letters Patent No. 6,553,607 ("the '607 patent," attached as Exhibit B) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

13. Defendants have infringed and are still infringing the '607 patent directly and indirectly by making, importing, offering for sale, using and/or selling windshield wiper blades such as the TRICO NeoForm, TRICO Flex, TRICO Tech, and TRICO Force, and will continue to do so unless enjoined by this Court.

14. Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '607 patent, Plaintiff will suffer irreparable harm.

15. Defendants have knowledge of the '607 patent and that the Accused Products, when used with "side lock" (or "side pin") wiper arms, directly infringe the '607 patent.

16. On information and belief, Defendants contribute to and induce infringement of the '607 patent by advertising the infringing use in their promotional materials, and by instructing purchasers to infringe by posting installation videos on their website and including installation instructions with the Accused Products that show how to install the same on a "side lock" wiper arm. Such infringement is and continues to be willful and deliberate.

17. On information and belief, Defendants made and continue to make such advertisements and provide instructions with the knowledge and intent that use of the Accused Products with a "side lock" wiper arm would infringe the '607 patent.

18. The Accused Products form a material component of the claimed invention of the '607 patent.

19. The Accused Products include adapters that are intended to be used with "side lock" wiper arm and are configured to do so.

20. The Accused Products with the associated "side lock" connector are not staple articles or commodities of commerce and have no non-infringing uses.

21. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 6, 611,988

22. On September 2, 2003, United States Letters Patent No. 6,611,988 ("the '988 patent," attached as Exhibit C) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

23. Defendants have infringed and are still infringing the '988 patent directly and indirectly by making, importing, offering for sale, using and/or selling windshield wiper blades, such as the TRICO Flex and TRICO Tech, and will continue to do so unless enjoined by this Court.

24. Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '988 patent, Plaintiff will suffer irreparable harm.

25. Defendants have knowledge of the '988 patent and such infringement is and continues to be willful and deliberate.

26. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT FOUR – INFRINGEMENT OF U.S. PATENT NO. 6,675,434**

27. On January 13, 2004, United States Letters Patent No. 6,675,434 ("the '434 patent," attached as Exhibit D) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

28. Defendants have infringed and are still infringing the '434 patent directly and indirectly by making, importing, offering for sale, using and/or selling windshield wiper blades, such as the TRICO NeoForm, TRICO Flex, TRICO Tech, and TRICO Force, and will continue to do so unless enjoined by this Court.

29. Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '434 patent, Plaintiff will suffer irreparable harm.

30. Defendants have knowledge of the '434 patent and such infringement is and continues to be willful and deliberate.

31. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT FIVE – INFRINGEMENT OF U.S. PATENT NO. 6,836,926**

32. On January 4, 2005, United States Letters Patent No. 6,836,926 ("the '926 patent," attached as Exhibit E) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

33. Defendants have infringed and are still infringing the '926 patent directly and indirectly by making, importing, offering for sale, using and/or selling windshield wiper blades, such as the TRICO NeoForm, TRICO Flex, TRICO Tech, and TRICO Force, and will continue to do so unless enjoined by this Court.

34. Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '926 patent, Plaintiff will suffer irreparable harm.

35. Defendants have knowledge of the '926 patent and such infringement is and continues to be willful and deliberate.

36. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT SIX – INFRINGEMENT OF U.S. PATENT NO. 6,973,698

37. On December 13, 2005, United States Letters Patent No. 6,973,698 ("the '698 patent," attached as Exhibit F) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

38. On information and belief, Defendants have infringed and are still infringing the '698 patent directly and indirectly by making, importing, offering for sale, using and/or selling windshield wiper blades, such as the TRICO NeoForm, TRICO Flex, TRICO Tech, and TRICO Force, and will continue to do so unless enjoined by this Court.

39. Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '698 patent, Plaintiff will suffer irreparable harm.

40. Defendants have knowledge of the '698 patent and such infringement is and continues to be willful and deliberate.

41. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**WILLFULNESS**

42. The acts of infringement set forth above have occurred with full knowledge of the '111, '607, '988, '434, '698, and '926 patents and have been willful and deliberate, making this case exceptional within the meaning of the United States patent laws.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands following relief:

A. A judgment in favor of Plaintiff that Defendants have infringed, directly and indirectly by way of inducement and/or contributory infringement, the '111, '607, '988, '434, '926, and '698 patents;

B. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the aforementioned patents;

C. An award to Plaintiff of the damages to which it is entitled under at least 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement, including both compensatory damages and treble damages for willful infringement;

D. A judgment and order requiring Defendants to pay the costs of this action (including all disbursements), as well as attorneys' fees as provided by 35 U.S.C. § 285;

E. An award to Plaintiff of pre-judgment and post-judgment interest on its damages; and

F. Such other further relief in law or equity to which Plaintiff may be justly entitled.

- 8 -

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: January 20, 2012   Respectfully submitted,

OF COUNSEL:   By:  */s/ William P. Oberhardt*
  William P. Oberhardt
Mark A. Hannemann   WILLIAM P. OBERHARDT, LLC
Jeffrey S. Ginsberg   70 West Madison St., Suite 2100
KENYON & KENYON LLP   Chicago, IL 60602
One Broadway   Tel.: 312-251-1100
New York, NY 10004   Fax: 312-251-1175
Tel.:  (212) 425-7200   Atty. Reg. No. 3122407

  *Attorneys for Plaintiff Robert Bosch LLC*