**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12 CV 437 |
| vs. | ) | |
| | ) | Judge John F. Grady |
| TRICO PRODUCTS CORPORATION, AND | ) | |
| TRICO PRODUCTS, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| TRICO PRODUCTS CORPORATION | ) | |
| | ) | |
| Counter-Plaintiff, | ) | JURY DEMANDED |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT BOSCH LLC, and | ) | |
| ROBERT BOSCH GmbH, | ) | |
| | ) | |
| Counter Defendants. | ) | |
| _____ | | |

**TRICO PRODUCTS CORPORATION'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

**ANSWER TO COMPLAINT**

Defendant, Trico Products Corporation ("Defendant" or "Trico")[1], for its answer to the

Complaint of Robert Bosch LLC ("Bosch LLC"), states as follows:

1. This action arises under the patent laws of the United States, Title 35 of the United
States Code (for example, §§ 271, 281, 283, 284 and 285) as hereinafter more fully appear. This
Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and
1338.

---

[1] Robert Bosch LLC purports to have brought this case against two defendants -- Trico Products and Trico Products
Corporation. As there is no independent company Trico Products, Trico Products Corporation herein files this
answer, affirmative defenses and counterclaims. And, Trico Products Corporation hereby moves for dismissal of
Trico Products from this action pursuant to Federal Rule 12(b)(6) and to have it removed from the caption. To the
extent that plaintiff maintains that Trico Products does exist, all answers and averments in this answer, affirmative
defense and counterclaim should be read to apply equally to that non-existent entity.

**ANSWER:** Trico admits that this action arises under the patent laws of the United States, Title 35 of the Unites States Code. Trico admits that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, Trico denies each and every allegation of this Paragraph.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,530,111

2. On March 11, 2003, United States Letters Patent No. 6,530,111 ("the '111 patent," attached as Exhibit A) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

**ANSWER:** Trico admits that U.S. Patent No. 6,530,111 (the "'111 patent") appears to be attached to the Complaint as Exhibit A and that it is entitled "Wiper Device For the Windows of Motor Vehicles" and that it appears to have been issued on March 11, 2003. Except as expressly admitted herein, Trico lacks knowledge sufficient to confirm or deny the remaining allegations of this paragraph.

3. Defendants have infringed and are still infringing the '111 patent directly and indirectly by making, importing, offering for sale, using and selling windshield wiper blades such as the TRICO NeoForm, TRICO Flex, TRICO Tech, and TRICO Force (the "Accused Products"), and will continue to do so unless enjoined by this Court.

**ANSWER:** Trico denies each and every allegation of this paragraph.

4. Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '111 patent, Plaintiff will suffer irreparable harm.

**ANSWER:** Trico denies each and every allegation of this paragraph.

5. Defendants have knowledge of the '111 patent and that the Accused Products, when used with "top lock" (or "pinch tab") wiper arms, directly infringe the '111 patent.

**ANSWER:** Trico denies each and every allegation of this paragraph.

6.  On information and belief, Defendants contribute to and induce infringement of the '111 patent by advertising the infringing use in their promotional materials, and by instructing purchasers to infringe by posting installation videos on their website and including installation instructions with the Accused Products that show how to install the same on a "top lock" wiper arm.  Such infringement is and continues to be willful and deliberate.

**ANSWER:**  Trico denies each and every allegation of this paragraph.

7.  On information and belief, Defendants made and continue to make such advertisements and provide instructions with the knowledge and intent that use of the Accused Products with a "top lock" wiper arm would infringe the '111 patent.

**ANSWER:**  Trico denies each and every allegation of this paragraph.

8.  The Accused Products form a material component of the claimed invention of the '111 patent.

**ANSWER:**  Trico denies each and every allegation of this paragraph.

9.  The Accused Products include adapters that are intended to be used with "top lock" wiper arm and are configured to do so.

**ANSWER:**  Trico denies each and every allegation of this paragraph.

10.  The Accused Products with the associated "top lock" connection are not staple articles or commodities of commerce and have no non-infringing uses.

**ANSWER:**  Trico denies each and every allegation of this paragraph.

11.  As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**ANSWER:**  Trico denies each and every allegation of this paragraph.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 6,553,607

12.  On April 29, 2003, United States Letters Patent No. 6,553,607 ("the '607 patent," attached as Exhibit B) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

**ANSWER:** Trico admits that U.S. Patent No. 6,553,607 (the "'607 patent") appears to be attached to the Complaint as Exhibit A and that it is entitled "Wiper Device for Motion Vehicle Windows" and that it appears to have been issued on April 29, 2003. Except as expressly admitted herein, Trico lacks knowledge sufficient to confirm or deny the remaining allegations of this paragraph.

13. Defendants have infringed and are still infringing the '607 patent directly and indirectly by making, importing, offering for sale, using and/or selling windshield wiper blades such as the TRICO NeoForm, TRICO Flex, TRICO Tech, and TRICO Force, and will continue to do so unless enjoined by this Court.

**ANSWER:** Trico denies each and every allegation of this paragraph.

14. Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '607 patent, Plaintiff will suffer irreparable harm.

**ANSWER:** Trico denies each and every allegation of this paragraph.

15. Defendants have knowledge of the '607 patent and that the Accused Products, when used with the "side lock" (or "side pin") wiper arms, directly infringe the '607 patent.

**ANSWER:** Trico denies each and every allegation of this paragraph.

16. On information and belief, Defendants contribute to and induce infringement of the '607 patent by advertising the infringing use in their promotional materials, and by instructing purchasers to infringe by posting installation videos on their website and including installation instructions with the Accused Products that show how to install the same on a "side lock" wiper arm. Such infringement is and continues to be willful and deliberate.

**ANSWER:** Trico denies each and every allegation of this paragraph.

17. On information and belief, Defendants made and continue to make such advertisements and provide instructions with the knowledge and intent that use of the Accused Products with a "side lock" wiper arm would infringe the '607 patent.

**ANSWER:** Trico denies each and every allegation of this paragraph.

18. The Accused Products form a material component of the claimed invention of the '607 patent.

**ANSWER:** Trico denies each and every allegation of this paragraph.

19. The Accused Products include adapters that are intended to be used with "side lock" wiper arm and are configured to do so.

**ANSWER:** Trico denies each and every allegation of this paragraph.

20. The Accused Products with the associated "side lock" connector are not staple articles or commodities of commerce and have no non-infringing uses.

**ANSWER:** Trico denies each and every allegation of this paragraph.

21. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**ANSWER:** Trico denies each and every allegation of this paragraph.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 6,611,988

22. On September 2, 2003, Untied States Letters Patent No. 6,611,988 ("the '988 patent," attached as Exhibit C) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

**ANSWER:** Trico admits that U.S. Patent No. 6,611,988 (the "'988 patent") appears to be attached to the Complaint as Exhibit A and that it is entitled "Wiper Blade for the Glass Surfaces of A Motor Vehicle" and that it appears to have been issued on September 2, 2003. Except as expressly admitted herein, Trico lacks knowledge sufficient to confirm or deny the remaining allegations of this paragraph.

23. Defendants have infringed and are still infringing the '988 patent directly and indirectly by making, importing, offering for sale, using and/or selling windshield wiper blades, such as the TRICO Flex and TRICO Tech, and will continue to do so unless enjoined by this Court.

**ANSWER:** Trico denies each and every allegation of this paragraph.

24.  Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '988 patent, Plaintiff will suffer irreparable harm.

**ANSWER:**  Trico denies each and every allegation of this paragraph.


25. Defendants have knowledge of the '988 patent and such infringement is and continues to be willful and deliberate.

**ANSWER:**  Trico denies each and every allegation of this paragraph.


26. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**ANSWER:**  Trico denies each and every allegation of this paragraph.


## COUNT FOUR – INFRINGEMENT OF U.S. PATENT NO. 6,675,434

27.  On January 13, 2004, United States Letters Patent No. 6,675,434 ("the '434 patent," attached as Exhibit D) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

**ANSWER:**  Trico admits that U.S. Patent No. 6,675,434 (the "'434 patent") appears to be attached to the Complaint as Exhibit A and that it is entitled "Wiper Blade For the Glass Surfaces of Motor Vehicles With an Elongated Spring Elastic Support Element" and that it appears to have been issued on January 13, 2004.  Except as expressly admitted herein, Trico lacks knowledge sufficient to confirm or deny the remaining allegations of this paragraph.


28. Defendants have infringed and are still infringing the '434 patent directly and indirectly by making, importing, offering for sale, using and/or selling windshield wiper blades, such as the TRICO NeoForm, TRICO Flex, TRICO Tech, and TRICO Force, and will continue to do so unless enjoined by this Court.

**ANSWER:**  Trico denies each and every allegation of this paragraph.


29.  Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '434 patent, Plaintiff will suffer irreparable harm.

**ANSWER:** Trico denies each and every allegation of this paragraph.

30. Defendants have knowledge of the '434 patent and such infringement is and continues to be willful and deliberate.

**ANSWER:** Trico denies each and every allegation of this paragraph.

31. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**ANSWER:** Trico denies each and every allegation of this paragraph.

## COUNT FIVE – INFRINGEMENT OF U.S. PATENT NO. 6,836,926

32. On January 4, 2005, United States Letters Patent No. 6,836,926 ("the '926 patent," attached as Exhibit E) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

**ANSWER:** Trico admits that U.S. Patent No. 6,836,926 (the "'926 patent") appears to be attached to the Complaint as Exhibit A and that it is entitled "Wiper Blade for Windshields, Especially Automobile Windshields and the Method for the Production Thereof" and that it appears to have been issued on January 4, 2005. Except as expressly admitted herein, Trico lacks knowledge sufficient to confirm or deny the remaining allegations of this paragraph.

33. Defendants have infringed and are still infringing the '926 patent directly and indirectly by making, importing, offering for sale, using and/or selling windshield wiper blades, such as the TRICO NeoForm, TRICO Flex, TRICO Tech, and TRICO Force, and will continue to do so unless enjoined by this Court.

**ANSWER:** Trico denies each and every allegation of this paragraph.

34. Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the '926 patent, Plaintiff will suffer irreparable harm.

**ANSWER:** Trico denies each and every allegation of this paragraph.

35. Defendants have knowledge of the '926 patent and such infringement is and continues to be willful and deliberate.

**ANSWER:** Trico denies each and every allegation of this paragraph.

36. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**ANSWER:** Trico denies each and every allegation of this paragraph.

## <u>COUNT SIX – INFRINGEMENT OF U.S. PATENT NO. 6,973,698</u>

37. On December 13, 2005, United States Letters Patent No. 6,973,698 ("the '698 patent," attached as Exhibit F) were duly and legally issued for an invention in a windshield wiper blade. Plaintiff is the owner of those Letters Patent.

**ANSWER:** Trico admits that U.S. Patent No. 6,973,698 (the "'698 patent") appears to be attached to the Complaint as Exhibit A and that it is entitled "Wiper Blade for Motor Vehicle Windows" and that it appears to have been issued on December 13, 2005. Except as expressly admitted herein, Trico lacks knowledge sufficient to confirm or deny the remaining allegations of this paragraph.

38. On information and belief, Defendants have infringed and are still infringing the '698 patent directly and indirectly by making, importing, offering for sale, using and/or selling windshield wiper blades, such as the TRICO NeoForm, TRICO Flex, TRICO Tech, and TRICO Force, and will continue to do so unless enjoined by this Court.

**ANSWER:** Trico denies each and every allegation of this paragraph.

39. Plaintiff has no adequate remedy at law against Defendants' infringement and, unless Defendants are enjoined from their infringement of the of the '698 patent, Plaintiff will suffer irreparable harm.

**ANSWER:** Trico denies each and every allegation of this paragraph.

40. Defendants have knowledge of the '698 patent and such infringement is and continues to be willful and deliberate.

**ANSWER:** Trico denies each and every allegation of this paragraph.

41. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**ANSWER:** Trico denies each and every allegation of this paragraph.

## WILLFULNESS

42. The acts of infringement set forth above have occurred with full knowledge of the '111, '607, '988, '434, '698, and '926 patents and have been willful and deliberate, making this case exceptional within the meaning of the United States patent laws.

**ANSWER:** Trico denies each and every allegation of this paragraph.

## AFFIRMATIVE DEFENSES

Trico's Affirmative Defenses are listed below. Trico reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

### FIRST AFFIRMATIVE DEFENSE

1. Bosch LLC's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Trico does not infringe and has not infringed any claim of the '111 patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by active inducement), literally, or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

3. Trico does not infringe and has not infringed any claim of the '607 patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by active inducement), literally, or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

4.      Trico does not infringe and has not infringed any claim of the '988 patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by active inducement), literally, or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE

5.      Trico does not infringe and has not infringed any claim of the '434 patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by active inducement), literally, or under the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE

6.      Trico does not infringe and has not infringed any claim of the '926 patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by active inducement), literally, or under the doctrine of equivalents.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Trico does not infringe and has not infringed any claim of the '698 patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by active inducement), literally, or under the doctrine of equivalents.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The '111 patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C §100 *et seq.*, including without limitation one or more requirements of 35 U.S.C. §101, 102, 103 and/or 112.

## NINTH AFFIRMATIVE DEFENSE

9.     The '607 patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C §100 *et seq.,* including without limitation one or more requirements of 35 U.S.C. §101, 102, 103 and/or 112.

## TENTH AFFIRMATIVE DEFENSE

10.     The '988 patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C §100 *et seq.,* including without limitation one or more requirements of 35 U.S.C. §101, 102, 103 and/or 112.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     The '434 patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C §100 *et seq.,* including without limitation one or more requirements of 35 U.S.C. §101, 102, 103 and/or 112.

## TWELFTH AFFIRMATIVE DEFENSE

12.     The '926 patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C §100 *et seq.,* including without limitation one or more requirements of 35 U.S.C. §101, 102, 103 and/or 112.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     The '698 patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C §100 *et seq.,* including without limitation one or more requirements of 35 U.S.C. §101, 102, 103 and/or 112.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Bosch LLC's attempted enforcement of its patents against Trico is barred by laches and estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Bosch LLC is barred by 35 U.S.C. §288 from recovering costs associated with its action.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Upon information and belief, Bosch LLC's claims for damages for purported patent infringement are limited by 35 U.S.C. §§286 and 287.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Bosch LLC is not entitled to injunctive relief because any alleged injury to Bosch LLC is neither immediate nor irreparable, and should Bosch LLC prevail in this action, Bosch LLC has an adequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Bosch LLC's purported claims for damages and other relief resulting from alleged infringement of claims that are the result of Trico's actions in conjunction with the actions of other parties, which Trico specifically denies, are barred to the extent that those other parties are licensed to practice the claims of the patents and/or are released from past claims of infringement of the claims of the patents.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Trico reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or may exist in the future based on discovery and further investigation in this case.

## COUNTERCLAIMS

Defendant Trico Products Corporation ("Defendant" and/or "Trico") asserts the following Counterclaims against Plaintiff/Counter Defendant Bosch LLC (as to all Counterclaims) and Robert Bosch GmbH ("Bosch GmbH," as to Trico's Third and Fourth Counterclaims only) (collectively "Counterclaim Defendants").

1.      Counterclaim Plaintiff Trico is a New York Corporation with a principal place of business in Michigan.

2.      On information and belief, Counterclaim Defendant Bosch LLC is an Illinois Corporation with its principal place if business in Illinois.

3.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4.      This Court has jurisdiction of the subject matter of the state law causes of action under principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, which provides that district courts which have original jurisdiction shall also have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

5.      Venue is proper in this District pursuant to at least 28 U.S.C. §§1391 and 1400.

**FIRST COUNTERCLAIM**
**(Declaratory Relief Regarding Non-Infringement)**

6.      Based on Bosch LLC's filing of this action and Trico's Second through Seventh Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to whether Trico infringes the Patents.

7.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Trico requests a declaration by the Court that it does not infringe any claim of the Patents under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents.

**SECOND COUNTERCLAIM**
**(Declaratory Relief Regarding Invalidity)**

8.      The allegations contained in the preceding paragraphs 1-7 of these Counterclaims are incorporated and realleged as if fully set forth herein.

9.      Based on Bosch LLC's filing of this action and Trico's Eighth through Thirteenth Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to whether Trico infringes the Patents.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.* and 35 U.S.C. §100 *et seq.,* Trico requests a declaration by the Court that the Patents are invalid.

**THIRD COUNTERCLAIM**
**(Correction of Inventorship under 35 U.S.C. § 256)**

11.     The allegations contained in the preceding paragraphs 1-10 of these Counterclaims paragraphs are incorporated and realleged as if fully set forth herein.

12.     Upon information and belief Bosch GmbH is a limited liability company organized and existing under the laws of Germany with its principal place of business at Robert-Bosch

www.boschautoparts.com/WuperBlades./Pages/WiperBlades.aspx and at www.bosch.us.

13.    This Counterclaim arises out of the improper identification of the inventors for the inventions disclosed and claimed in U.S. Patent No. 6,292,974 ("the '974 patent").

14.    The '974 patent is entitled "Glass Wiper Blade for Motor Vehicles" and has claims directed to a glass wiper blade of the beam-blade style for motor vehicles.

15.    The beam-blade concept was first invented by Adriaan Swanepoel ("Swanepoel") and Johannes Fehrsen ("Fehrsen") in the early 1990s.

16.    Following its invention by Swanepoel and Fehrsen, Bosch GmbH sought to commercialize the beam-blade concept.   During testing of its developmental beam-blade product, Bosch GmbH sought assistance from Swanepoel and Fehrsen to find a solution to problems encountered during testing.

17.     Bosch GmbH contacted Swanepoel and Fehrsen to discuss solutions to problems encountered during testing.  During these discussions, Fehrsen conceived of and then disclosed inventions claimed in the '974 patent ( the "'974 Inventions") to  Bosch GmbH.

18.     Following this disclosure, and without the knowledge or permission of Fehrsen, Bosch GmbH filed a new patent application, application number 197 36 368, in Germany ("German Application") in 1998 disclosing and claiming the '974 Inventions.  In June of 1999, Bosch GmbH filed application number 09/284,398 in the United States ("U.S. Application") claiming priority to the German Application, disclosing and claiming the same invention, but identifying as inventors certain employees of Bosch GmbH, but not Fehrsen.

19.     On September 25, 2001, the United States Patent and Trademark Office issued the '974 patent.  The '974 patent issued from the U.S. Application, and claims priority to the German Application, but does not include Fehrsen as a named inventor.  Fehrsen was omitted by Bosch GmbH as a named inventor without his knowledge, and without deceptive intent on his part.

20.     On or about July 15, 2008 Bosch GmbH purported to assign its alleged rights to Bosch LLC.

21.     All of Fehrsen's rights, amongst all other rights, all right, title, and interest in and to the inventions disclosed and claimed in the '974 patent, were assigned to Counterplaintiff Trico.

22.     Under 35 U.S.C. § 256, this Court can correct the inventorship of an issued U.S. Patent, including correction of misjoinder and nonjoinder of inventors.

23.     As parties involved in the omission of Fehrsen as a named inventor of the '974 patent and with a purported ownership interest in the '974 patent, Bosch GmbH and Bosch LLC

24.     As the owner of all right, title, and interest of Fehrsen in the '974 patent, Trico is an interested party and has standing to assert a correction of inventorship claim under Section 256.

25.     The '974 patent discloses and claims the '974 Inventions conceived of by Fehrsen, and disclosed to Bosch GmbH,.

26.     As the inventor of the '974 Inventions Fehrsen should have been named as an inventor on the '974 patent.

27.     In *Robert Bosch, LLC* v. *Pylon Manufacturing Corp.*, Civ. No. 08-542-SLR (D. Del.) (the "Delaware Action"), the jury found, and the Court entered judgment, that Fehrsen alone conceived claim 1 of the '974 patent.  That Fehrsen was the sole inventor of claim 1 of the '974 patent was actually litigated in the Delaware Action.  The determination of this issue was essential to a final judgment in the Delaware Action.  In this case, Counterclaim Plaintiffs seek a determination regarding this same issue.  In the Delaware Action, the Counterclaim Defendants were represented by, *inter alia*, Bosch LLC.  Collateral estoppel thus applies to the finding that Fehrsen is the sole inventor of claim 1 of the '974 patent.

28.     Thus Fehrsen is the sole inventor of claim 1 of the '974 patent.  Further, Fehrsen is also the sole inventor of the remaining inventions disclosed and claimed in the '974 patent.

29.     Fehrsen is thus sole inventor of the inventions disclosed and claimed in the '974 patent.

30.     Pursuant to Section 256, Trico seeks removal of all the currently named inventors of the '974 patent because they are not, in fact, inventors of the subject matter disclosed and

31.     Trico further seeks a declaration that, because Fehrsen (through his employer) assigned to Trico all of his rights in the '974 patent, Trico is the sole and proper owner of the '974 patent.

## FOURTH COUNTERCLAIM
### (Correction of Inventorship under 35 U.S.C. § 256)

32.     The allegations contained in the preceding paragraphs 1-31 of these Counterclaims paragraphs are incorporated and realleged as if fully set forth herein.

33.     This Counterclaim arises out of the improper identification of the inventors for the inventions disclosed and claimed in U.S. Patent No. 6,675,434 ("the '434 patent").

34.     The '434 patent is entitled "Wiper Blade For The Glass Surfaces of Motor Vehicles With An Elongated Spring Elastic Support Element."

35.     The beam-blade concept was first invented by Adriaan Swanepoel ("Swanepoel") and Johannes Fehrsen ("Fehrsen") in the early 1990s.

36.     Following its invention by Swanepoel and Fehrsen, Bosch GmbH sought to commercialize the beam-blade concept.   During testing of its developmental beam-blade product, Bosch GmbH sought assistance from Swanepoel and Fehrsen to find solutions to problems encountered during testing.

37.     Bosch GmbH contacted Swanepoel and Fehrsen to discuss solutions to problems encountered during testing.   Prior to and/or during these discussions, Swanepoel and Fehrsen conceived of and then disclosed inventions claimed in the '434 patent (the "'434 Invention") to Bosch GmbH.

38.     Following this disclosure, and without the knowledge or permission of Fehrsen or Swanepoel, Bosch GmbH filed a new patent application, application number 197 02 451, in Germany ("German Application") in 1998 disclosing and claiming the '434 Inventions.  In June of 1999, Bosch GmbH filed application number 09/763,070 in the United States ("U.S. Application") claiming priority to the German Application, disclosing and claiming the same invention, but identifying as inventors certain employees of Bosch GmbH, but not Fehrsen or Swanepoel.

39.     On January 13, 2004, the United States Patent and Trademark Office issued the '434 patent.  The '434 patent issued from the U.S. Application, and claims priority to the German Application, but does not include Fehrsen or Swanepoel as a named inventor.  Fehrsen and Swanepoel were omitted by Bosch GmbH as named inventors without their knowledge, and without deceptive intent on their part.

40.     On or about July 15, 2008 Bosch GmbH purported to assign its alleged rights to Bosch LLC.

41.     All of Fehrsen's and Swanepoel's rights, amongst all other rights, all right, title, and interest in and to the inventions disclosed and claimed in the '434 patent, were assigned to Counterplaintiff Trico.

42.     Under 35 U.S.C. § 256, this Court can correct the inventorship of an issued U.S. Patent, including correction of misjoinder and nonjoinder of inventors.

43.     As parties involved in the omission of Fehrsen and Swanepoel as named inventors of the '434 patent and with a purported ownership interest in the '434 patent, Bosch GmbH and Bosch LLC are interested parties for a correction of inventorship claim.  Therefore, this Counterclaim is asserted against both parties.

44.     As the owner of all right, title, and interest of Fehrsen and Swanepoel in the '434 patent, Trico is an interested party and has standing to assert a correction of inventorship claim under Section 256.

45.     The '434 patent discloses and claims the '434 Inventions conceived of by Fehrsen and Swanepoel, and disclosed to Bosch GmbH,.

46.     As the inventors of the '434 Inventions Fehrsen and Swanepoel should have been named as inventors on the '434 patent.

47.     Fehrsen and Swanepoel are the sole inventors of the '434 patent.

48.     Pursuant to Section 256, Trico seeks removal of all the currently named inventors of the '434 patent because they are not, in fact, inventors of the subject matter disclosed and claimed in that Patent.  Trico further seeks the addition of Fehrsen and Swanepoel as named inventors on the '434 patent.

49.     Trico further seeks a declaration that, because Fehrsen (through his employer) and Swanepoel (directly) assigned to Trico all of their rights in the '434 patent, Trico is the sole and proper owner of the '434 patent.

## FIFTH COUNTERCLAIM
### (False Advertising in Violation of 15 U.S.C. § 1125(a)(1))

50.     The allegations contained in the preceding paragraphs 1-49 of these Counterclaims paragraphs are incorporated and realleged as if fully set forth herein.

51.     Bosch LLC has engaged in conduct constituting false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by publicly disseminating the false and misleading claim that its ICON wiper blades have "up to 40% longer life" than "other Premium blades,"  (hereinafter, Bosch LLC's "40% Longer Life Claim").

52.     Bosch LLC's 40% Longer Life Claim is made without qualification and appears on product packaging, television advertisements, Internet websites and an array of other commercial outlets for publicly disseminating this false and misleading claim to the public.

53.     Bosch LLC's ICON wiper blades directly compete with numerous wiper blade products sold by Trico, including without limitation, Trico's Force™, NeoForm®, Flex®, Tech®, Teflon® Shield™, and Exact Fit® brand blades.  (Collectively, the "Trico Wiper Blade Products.)

54.     On or about September 2011, Bosch LLC launched the second generation of its ICON wiper blades and touted that they "now lasts 40 percent longer than other premium blades."  (*See* Ex. A hereto.)  The packaging for that product prominently features a bright red banner with the text, "Up to 40% Longer Life[*]".  The back of the packaging includes the same 40% Longer Life Claim near the top and, towards the bottom, the qualification signified by the asterisk (*): "*than other Premium blades."  A true and correct image of Bosch LLC's 40% Longer Life Claim from the front and reverse of the ICON packaging is below.

| **Front of ICON Package** | **Reverse of ICON Package** |
|---|---|

 

55.     Bosch LLC has coupled its 40% Longer Life Claim to another piece of its marketing campaign for its ICON wiper blades – an affiliation/sponsorship between itself and

the Discovery Channel's "Storm Chasers" television program which features the Storm Chasers'
use of ICON wiper blades in "extreme weather conditions."

56.     For example, in a prominent and nationally-televised commercial advertisement,
one of the Storm Chasers states: "Bosch ICON wiper blades wiped our windshield clean and
outlasted any other blade we've used."  Concurrently, the advertisement displays the text "Up to
40% longer life" and, in significantly smaller type, "Compared to other premium beam wiper
blades."  No additional statement or text otherwise qualifies or provides additional information
with regard to this statement.  A true and correct image from this commercial advertisement is
set forth below.



57.     In another prominent and nationally-televised commercial advertisements, the
Storm Chasers (and the ICON wiper blades) are depicted dealing with an array of extreme
weather conditions with one Storm Chaser stating: "Bosch ICON wiper blades kept our
windshield clean, longer than any other premium blade."  At the same time, small-font text is
displayed stating: "Compared to other premium beam wiper blades."  (*See* Ex. B hereto.)

58.     Bosch LLC's website for its "storm chaser" advertising campaign is located at the domain name www.boschcleartheway.com and features, among other things, the above-described videos and interactive graphics describing features of the Bosch LLC ICON wiper blades, including the statement: "Up to 40 percent longer life vs. other premium beam wiper blades." (*See* Ex. C hereto.)

59.     Bosch LLC also publicly disseminates the 40% Longer Life Claim through its website for the United States market (www.boschautoparts.com/wiperblades/pages/icon.aspx) which features at least the following statements:

- "Up to 40% longer life than other premium blades."

- "The award-winning design of Bosch ICON™ distributes more uniform pressure along the entire length of the blade for ultimate all-season performance that lasts up to 40% longer than other premium wiper blades."

- "Superior wipe with up to 40% longer performance life than other premium blades."

(*See* Ex. D hereto.)

60.     On information and belief, Bosch LLC has also publicized its 40% Longer Life Claim in connection with other commercial advertisements in order to promote its ICON wiper blades.

61.     Bosch LLC's 40% Longer Life Claim communicates the literal message, through commercial advertising and promotion, that the useful life of Bosch LLC's ICON wiper blades is 40% longer than the useful life of *any other* wiper blade on the market, including without limitation, all of the Trico Wiper Blade Products.

62.     Furthermore, in the context of the relevant commercial advertisements and promotions, Bosch LLC's 40% Longer Life Claim conveys the false and misleading message, through a combination of spoken words, text and visual images, that Bosch LLC's ICON wiper

blades greatly surpass all wiper blades, including the Trico Wiper Blade Products, with regard to durability, performance and the handling of "extreme" weather conditions.

63.     Bosch LLC's 40% Longer Life Claim is false and misleading, and misrepresents the nature, characteristics and/or qualities of its ICON wiper blades, because – at a minimum – the useful life of the ICON blades is <u>not</u> 40% longer than the useful life of other premium wiper blades.

64.     Trico oversaw testing of three premium wiper blades using industry standards for evaluating durability and ozone resistance.  In particular, multiple test runs were conducted on the Trico NeoForm®, Rain-X Latitude, and Bosch LLC ICON wiper blades to evaluate (1) wipe quality and 500,000 cycle durability, and (2) accelerated ozone resistance of rubber material.

65.     The first test evaluates the wipe quality of each blade on a scale of 1-10, with wipe quality rated as an initial matter and then at every 100,000 cycles up to 500,000.  On this test, not only did Bosch LLC's ICON blade <u>fail</u> to demonstrate a 40% longer life than the other blades, it performed <u>worse</u> than Trico's NeoForm® in all runs of this test and worse than Rain-X's Latitude blade in one run of this test.

66.     The second test for ozone resistance demands that the rubber wiper strip show no signs of cracking after it is subjected to 72 hours of ozone at a concentration of 50 pphm (parts-per-hundred-million).  The wiper strip on the Bosch LLC ICON blade failed this test because it tore in half after completing only 48 hours of testing.  In contrast, the Trico NeoForm® wiper strip completed the full 72 hours of exposure with no signs of degradation or cracking.  A second test at a different facility was conducted with the same results.

67.     To the extent Bosch LLC's 40% Longer Life Claim is purportedly based on testing by Bosch LLC then, as evidenced by the testing conducted by Trico, Bosch LLC's testing

68.     In addition to its ICON products, Bosch LLC sells MARATHON wiper blades through Walmart and publicly advertises and promotes the claim that these blades have a "20% longer life than other premium blades."   The MARATHON wiper blades share similar features and characteristics with Bosch LLC's ICON blades and sell at a lower price point.   Accordingly, in light of Bosch's testing of the ICON wiper blades, Bosch LLC's "20% longer life" claim in connection with its MARATHON blades is also, on information and belief, false and misleading. A true and correct image of the MARATHON packaging with this claim is set forth below.



69.     Bosch LLC's 40% Longer Life Claim is made in interstate commerce and actually deceives, or is likely to deceive, a substantial segment of the audience because it is presented as a substantiated fact and pertains to a subject material to the decision to purchase the goods.   Bosch LLC's 40% Longer Life Claim is material because, especially given the nature and magnitude of the claim, it is likely to influence, and upon information and belief has influenced, consumer purchasing decisions.

70.     On information and belief, Bosch LLC has obtained increased sales of, and profits relating to, its ICON and MARATHON wiper blades as a result of its false advertising and Trico is entitled to a disgorgement of those profits.

71.     Trico has been and is likely to be injured as a result of Bosch LLC's false and misleading 40% Longer Life Claim, including but not limited to loss of sales and profits to Trico which Trico would have made but for the false and misleading advertising by Bosch LLC.  Trico has also suffered injury because Bosch LLC's false and misleading claims diminishes the value, goodwill and business reputation associated with Trico and the Trico Beam Blade Products by conveying the false and misleading message that Trico's products are inferior, are not as durable and/or have a relatively short useful life as compared to Bosch LLC's ICON wiper blades.

72.     As a direct and proximate result of Bosch LLC's conduct, Trico is suffering and continuing to suffer irreparable injury for which there is no adequate remedy at law.

73.     On the basis of the foregoing paragraphs, Bosch LLC's actions have been willful and deliberate and this is therefore an exceptional case for which attorneys' fees are recoverable under 15 U.S.C. § 1117(a).

## SIXTH COUNTERCLAIM
### (False Marking in Violation of 35 U.S.C. § 292)

74.     The allegations contained in the preceding paragraphs 1-73 of these Counterclaims are incorporated and realleged as if fully set forth herein.

75.     Bosch LLC has committed, and continues to commit, false patent marking in violation of 35 U.S.C. § 292, which provides, in relevant part:

> (a) ….Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public .... [s]hall be fined not more than $500 for every such offense. ….

(b) A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.

76.     Beginning in early 2011, Bosch LLC commenced a campaign of falsely and systematically marking certain wiper blade products with eleven different U.S. patent numbers even though at least three of those patents never covered the products that they were marked upon or affixed to.

77.     Specifically, Bosch LLC's ICON and MARATHON wiper blades are falsely marked with U.S. Patent No. 7,451,520, which is generally directed to a beam wiper blade having a "wind deflection strip" that is "connected directly to the wiper strip" rather than "the support element" in order to reduce contact and tension between the "wind deflection strip" and "support element" so as to enhance wipe results and decrease "undesirable squeaking noises during wiper operation." (*See generally*, Ex. E hereto, '1520 patent, col. 1, l. 6 to col. 2, l. 58.)

78.     Figures 1, 2 and 3 from the '1520 patent, below, depict, among other things, the "flexible spring support element (12)," the "elastic rubber wiper strip (14)," the "wind deflection strip (24)," and, in order "[t]o connect these two components 14 and 24 securely together, "an adhesive 48 … by means of which a practically permanent connection is achieved (FIG. 2)." (*See* Ex. E, '1520 Patent, col. 6, ll. 19-23.)



79.     Figures 8 through 10 from the '1520 patent, below, depict different two other embodiments for securely attaching the "wiper strip" (85 and 93) to the "wind deflection strip" (79 and 89).



28

80.    The '1520 patent includes independent claim 1, which requires "an elongated belt-shaped, flexible spring support element (12) … with a separate first component designed as an elastic rubber wiper strip (14)" and "a separate second component … that is designed as a wind deflection strip (24) …, characterized in that the two components (14, 24) are **directly and securely connected together at their sides**, facing one another …." (Ex. E at col. 9, emphasis added.) Likewise, the '1520 patent's other independent claim, 10, requires the "elastic rubber wiper strip … **to be directly and securely connected to the wind deflection strip**…." (*Id*. at col. 10, emphasis added.)

81.    The wiper blades in the ICON and MARATHON product lines are not covered by any claim of the '1520 patent because the rubber wiper strip is not "directly and securely connected" to the wind deflection strip. Below is a true and correct image showing a cross-section of a MARATHON wiper blade. The "wind deflection strip" hooks around (and is thus secured to) the outside of the metal "support element," with the "rubber wiper strip" secured by the inner walls of same support element. The "wind deflection strip" is not directly and securely connected to the "rubber wiper strip" by any means at all. Accordingly, these products are falsely marked with the '1520 patent.



82.     The MARATHON product line is also falsely marked because these wiper blades are not covered by at least one claim of the '321 and '3520 patents.

83.     The '321 and '3520 patents are both directed "to the arrangement of [a] cap in the connection area between the wiper arm and the wiper blade [to create] an elegant transition between the two wind deflector strip sections adjacent to the connecting device…." (*See* Ex. F hereto, '321 patent, col. 2, ll. 10-13; Ex. G hereto, '3520 patent, col. 2, ll. 17-20.) According to the '321 patent, with this arrangement of the cap, it is possible to (a) "adapt at least the cap sections …to the shape of the wind deflector strip," (b) avoid "problem zones on the wiper lever" with regard to "flow of the air stream" and related "air stream noise," and (c) protect "the sensitive articulated connection between the wiper arm and the wiper blade against environmental influences such as dirt from the road, show, ice, etc." (*Id.*, Ex. F at ll. 15-22; Ex. G, at ll. 21-29.)

84.     Figures 1, 2 and 3 from the '321 patent, below, depict, among other things, the "cap (60)", the "wiper arm (12)" and the "wiper blade (16)".





**Fig. 3**

85. The only independent claim of the '321 patent is claim 1 and it includes the following limitation with regard to the "cap":

> "…the wiper arm (10) is provided with a cap (60, 160) covering the connection area between the wiper blade (16) and the wiper arm (12), that the cap features cap sections and that at least the cap sections, which also cover their adjacent areas of the wind deflector strip partial sections (52) have a shape complementary to the shape of the wind deflector strip.

86. The '3520 patent includes two independent claims, 1 and 18. Claim 1 includes the following limitation:

> "…the apparatus comprising a cap (60 or 160) to cover the connection between the wiper blade (16) and the wiper arm (12), the cap having cap sections that cover adjacent areas of the wind deflector strip partial sections (52), the cap sections having a shape complementary to the shape of the wind deflector strip."

(*See* Ex. G.) Similarly, Claim 18 features the following limitation:

> "…the apparatus further comprising a connector connecting the wiper arm (12) to the wiper blade (16), and a cap (60 or 160) to cover the connector, the cap having cap sections configured to cover adjacent areas of the wind deflector strip partial sections (52), the cap sections being adapted to the shape of the wind deflector strip, and the cap having opposite ends with respective openings each having a shape complementary to the shape of the wind deflector strip, wherein the cap (60) is supported by the wiper blade (16), wherein the cap (60) can be locked to the wiper blade (16), and wherein the cap (60) is provided with a passage opening (64) for the wiper arm (12).

87. Bosch LLC's MARATHON wiper blades lack the "cap" limitation in independent claim 1 of the '321 patent and independent claims 1 and 18 of the '3520 patent.

88. Specifically, Bosch LLC's MARATHON wiper blades include two product lines that differ based on the type of arm-to-blade connection. One product line includes products designated as 210E , 220E and 240E. Below are true and correct images of the arm-to-blade connection area in the middle of these wiper blades, with the first image depicting an exposed connection area and the second image showing the same area covered with an unpainted, top lock connector. There is no "cap" covering the arm-to-blade connection, let alone one having cap sections covering adjacent areas of the "wind deflector strip partial sections (52)" or having a "shape complementary to the shape of the "wind deflector strip." Accordingly, these products are falsely marked with the '321 and '3520 patents.

**Exposed Connection Area (without Toplock Connector)**



**Connection Area Covered with Top Lock Connector (unpainted).**



89.    The separate top lock connector (above) does not meet this limitation because, among other reasons, it *is* the connection between the arm and blade and thus does not "cover" the connection area and it plainly does not have a shape complementary to the shape of the wind deflector strip.

90.    The other MARATHON product line (designated based on length in inches, *e.g.,* 16, 17, 18, 19, 20, 21, 22, 24, 26, 28) is also not covered by any claim of the '321 and '3520 patents with which it is marked.    Below are true and correct images of a representative MARATHON wiper blade from this product line.    Although it has a plastic structure encircling the connection area with a section that pivots open, it does not "cover" the large metal coupler which forms the  "arm-to-blade connection" area as required under the patent.





91.     Bosch LLC's false marking of its ICON and MARATHON wiper blades was done in bad faith and with intent to deceive.  Bosch LLC is a highly sophisticated company with regard to acquiring, licensing, and asserting patents.  According to records at the United States Patent and Trademark Office, Bosch LLC and its related entities have been issued over 14,000 patents, and have acquired several thousand more.

92.     Bosch LLC also has a history of bringing patent suits against its competitors.  In fact, since October of 2007, Bosch LLC has asserted claims of patent infringement as a  plaintiff in more than 15 separate lawsuits in the United States and as the complainant in an International Trade Commission investigation.   These cases targeted an approximately equal number of competitors who were in the business of making, using, selling or importing Beam Blade Wipers.  Of these proceedings, the '1520 patent was asserted by Bosch LLC in two suits and the '321 and '3520 patents were asserted in six suits.

93. Not only does Bosch LLC's extensive patent portfolio and aggressive litigation history demonstrate that it is fully aware of what its patents cover, but it shows that Bosch LLC actively uses its patents to intimidate competitors and potential competitors from entering the market and to increase the costs and burdens of competitors in the market. An example of Bosch LLC's bad faith and intent in this regard is evidenced by Bosch LLC communicating with several customers of Trico and informing them that Trico had been sued by Bosch LLC for patent infringement. Significantly, these statements were made well *before* Bosch LLC filed the instant litigation against Trico. (*Id.*)

94. Furthermore, after suit was filed, based on information and belief, Bosch LLC informed certain Trico customers that Bosch LLC had sued Trico and that it would prevail before the end of the year, and that Trico's customers should therefore purchase more of Bosch LLC's wiper blade product now or else they will have "empty shelves" next year.

95. Moreover, as alleged herein, Bosch LLC has marked products with numbers for patents that obviously do not apply to the product on which they are affixed, which should be readily apparent to a sophisticated company like Bosch LLC. Furthermore, Bosch LLC's false and misleading 40% Longer Life claim demonstrates its overall intent to confuse and deceive the public. It can therefore be inferred that Bosch LLC falsely marked its ICON and MARATHON wiper blades with the intent of deceiving the public.

96. Trico has suffered competitive injuries caused by Bosch LLC's violation of Section 292. Most notably, Bosch LLC's false marking creates the false and misleading impression that its MARATHON and ICON products, marked with eleven different patents each, are technologically superior to other wiper blades because consumers presume such marked articles to be novel, useful and innovative – an impression reinforced by Bosch LLC's false and

97.     Further, by wrongfully and illegally advertising patent rights relating to products that do not exist, Bosch LLC has, on information and belief, benefited by increasing its overall market share through the sale of its ICON and MARATHON products and taken sales away from Trico.

98.     Significantly, Bosch LLC's wiper blades presently account for more than 25% of the wiper blade market and Bosch LLC has now filed patent infringement suits over the past several years against companies (including Trico) that represent approximately another 50% of that market.   Trico has thus suffered commercial injury because Bosch LLC is using its expanding market position – wrongfully obtained, in part, through its false patent marking and overly-aggressive patent litigation – to unfairly compete against Trico as set forth herein.

### SEVENTH COUNTERCLAIM
### (False Advertising Under California Business and Professions Code § 17500)

99.     The allegations contained in the preceding paragraphs 1-98 of these Counterclaims are incorporated and realleged as if fully set forth herein.

100.    This claim is brought under Section 17500 of the California Business and Professions Code or, alternatively, under other comparable state statues for false advertising and/or deceptive trade practices.

101.    On the basis of the foregoing paragraphs, Bosch LLC has disseminated false and misleading advertisements and statements that are likely to deceive, and have deceived, consumers and the industry into believing that Bosch LLC's wiper blades have qualities and features far superior to other "premium" wiper blade products and that otherwise distinguish

102.    Specifically, through its commercial advertising and promotional practices relating to its 40% Longer Life Claim, including the various advertisements created, approved and distributed by it, Bosch LLC disseminated untrue and misleading statements and omitted material facts.  Further, through its labeling and patent marking practices for its ICON and MARATHON wiper blade products, Bosch LLC disseminated untrue and misleading statements and omitted material facts.

103.    The advertising, labeling and other conduct described herein concerning the 40% Longer Life Claim and marking the ICON and MARATHON products with false patent numbers is likely to deceive a significant portion of the consuming public or of targeted consumers.

104.    Bosch LLC's false advertising and labeling of its products was undertaken in bad faith because Bosch LLC could not have reasonably believed that its 40% Longer Life Claim was not false or misleading, or that the patent listed on the labels it affixed to its ICON and MARATHON wiper blades all read upon, covered or otherwise protected those products.

105.    Bosch LLC knew, or had reason to know, that its 40% Longer Life Claim was false and that the patent marking labels on its ICON and MARATHON wiper blade products were false.

106.    Bosch LLC's wrongful conduct has had the intent and effect of deterring competition and allowing Bosch LLC, on information and belief, to make substantial sales and profits on its wiper blade products in the State of California and nationwide.

107.     Trico has been and is likely to be injured as a result of Bosch LLC's false and misleading advertisements and statements, either by direct diversion of sales from itself to Bosch LLC or by a loss of goodwill and business reputation.  To be sure, Bosch LLC's 40% Longer Life Claim and its false patent marking necessarily diminishes the value and goodwill associated with Trico and the Trico Beam Blade Products by conveying the false and misleading message that Trico's products are inferior, are not as durable and/or have a relatively short useful life as compared to Bosch LLC's ICON wiper blades.

108.     As a direct and proximate result of Bosch LLC's conduct, Trico is suffering and continuing to suffer irreparable injury for which there is no adequate remedy at law.

109.     Bosch LLC's ICON and MARATHON brand wiper blades are sold throughout California, Bosch LLC directs and disseminates its commercials advertisements and promotions to consumers in California.  Bosch LLC also has a "research and technology center" located in Palo Alto, California.  On information and belief, California is the largest market in the United States for Bosch LLC's products, including its ICON and MARATHON wiper blades, because of its total population and number of licensed drivers.  Bosch LLC's wrongful conduct therefore has a substantial connection with the State of California.

110.     Trico and members of the general public are therefore entitled to the relief available under the California Business and Professions Code § 17500, et seq., as detailed in Trico's prayer for relief.

**EIGHTH COUNTERCLAIM**
**(Unfair Competition Under California Business and Professions Code § 17200)**

111.     The allegations contained in the preceding paragraphs 1-110 of these Counterclaims are incorporated and realleged as if fully set forth herein.

112.     This claim is brought under Section 17200 of the California Business and Professions Code or, alternatively, under other comparable state statues for unfair competition and unfair trade practices.

113.     As set forth herein, Bosch LLC's false advertising and labeling of its products was undertaken in bad faith because Bosch LLC could not have reasonably believed that its 40% Longer Life Claim was not false or misleading, or that the patent listed on the labels it affixed to its ICON and MARATHON wiper blades all read upon, covered or otherwise protected those products.

114.     On the basis of the foregoing paragraphs, Bosch LLC has been engaged in an intentional campaign of unlawful, unfair or fraudulent business practices in violation of California Business and Professions Code §17200 et seq.

115.     Trico has been and is likely to be injured as a result of Bosch LLC's conduct, either by direct diversion of sales from itself to Bosch LLC or by a loss of goodwill and business reputation.  To be sure, Bosch LLC's 40% Longer Life Claim and its false patent marking necessarily diminishes the value and goodwill associated with Trico and the Trico Beam Blade Products by conveying the false and misleading message that Trico's products are inferior, are not as durable and/or have a relatively short useful life as compared to Bosch LLC's ICON wiper blades.

116.     As a direct and proximate result of Bosch LLC's conduct, Trico is suffering and continuing to suffer irreparable injury for which there is no adequate remedy at law.

117.     Bosch LLC's ICON and MARATHON brand wiper blades are sold throughout California, Bosch LLC directs and disseminates its commercials advertisements and promotions to consumers in California.  Bosch LLC also has a "research and technology center" located in

118.    Trico and members of the general public are therefore entitled to the relief available under the California Business and Professions Code § 17200, et seq., as detailed in Trico's prayer for relief.

**PRAYER FOR RELIEF AND DEMAND FOR JUDGMENT**

WHEREFORE, Trico respectfully requests judgment in its favor, including the following relief from Bosch LLC and Bosch GmbH (as applicable):

A.      Dismissal of all of Plaintiff's claims against Trico, in their entirety and with prejudice.

B.      A declaration that Trico does not infringe and has not infringed any valid claim of any of the '111, '607, '988, '434, 926, or '698 patents, whether directly or indirectly, literally, or under the doctrine of equivalents.

C.      A declaration that the claims of the '111, '607, '988, '434, '926, and '698 patents are invalid.

D.      Bosch takes nothing by reason of its claims against Trico.

E.      An order declaring that Bosch LLC violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by publicly disseminating the false and misleading claim that its ICON wiper blades have "up to 40% longer life" than "other Premium blades" and further:

> a.      Enjoining and restraining, preliminarily and permanently, Bosch LLC, its sales representatives, distributers, employees, agents, affiliates, successors and assigns, and any other persons or entities acting in concert with Bosch LLC, from further disseminating false and

b. Requiring Bosch LLC to disseminate among consumers, retailers and the industry as a whole, corrective advertising in order to fully dispel the false and misleading messages contained in Bosch LLC's claims and advertisements, including without limitation, the false and misleading claim that Bosch LLC's ICON wiper blades have "up to 40% longer life" than "other Premium blades";

c. Requiring Bosch LLC to recall from all trade and distribution channels any and all advertising and promotional materials that include the false and misleading claims and advertisements in any form or medium;

d. Directing Bosch LLC to account for, and to pay over to Trico, all gains, profits and advantages derived by Bosch LLC from its false and misleading claims and advertisements; and

e. Awarding Trico all other damages sustained as a result of Bosch LLC's unlawful conduct.

F.     An order declaring that Bosch LLC violated 35 U.S.C. § 292 by falsely marking its ICON and MARATHON wiper blade products with U.S. Patent Numbers 7,293,321, 7,523,520 and 7,451,520 and further:

a. Enjoining and restraining, preliminarily and permanently, Bosch LLC, its sales representatives, distributers, employees, agents, affiliates, successors and assigns, and any other persons or entities acting in concert with Bosch LLC, from further disseminating false statements about the nature or qualities of Bosch LLC's wiper blade products, including without limitation, that certain patents purportedly owned by Bosch LLC cover the ICON and MARATHON products that they are marked upon or affixed to;

b. Requiring Bosch LLC to disseminate among consumers, retailers and the industry as a whole, corrective advertising in order to fully dispel Bosch LLC's false patent marking;

c. Requiring Bosch LLC to recall from all trade and distribution channels any and all advertising and promotional materials that include the false patent marking;

      d.   Directing Bosch LLC to account for, and to pay over to Trico, all gains, profits and advantages derived by Bosch LLC from its false and misleading claims and advertisements; and

      e.   Awarding Trico all damages it sustained as a result of Bosch LLC's unlawful conduct.

G.      An order declaring that Bosch LLC violated California Business and Professions Code § 17200 and § 17500 and further:

      a.   Enjoining and restraining, preliminarily and permanently, Bosch LLC, its sales representatives, distributers, employees, agents, affiliates, successors and assigns, and any other persons or entities acting in concert with Bosch LLC, from unfairly competing against Trico and from misrepresenting or falsely describing the nature and/or qualities of its wiper blade products, including without limitation, that (1) Bosch LLC's ICON wiper blade products have a 40% longer life than other wiper blade products and (2) Bosch LLC's ICON and MARATHON wiper blade products are covered by U.S. patent numbers that are not applicable to those products;

      b.   Requiring Bosch LLC to disseminate among consumers, retailers and the industry as a whole, corrective advertising in order to fully dispel Bosch LLC's misrepresentations and/or false descriptions of the nature and/or qualities of its wiper blade products;

      c.   Restitution of profits that Bosch LLC has obtained through its false advertising and unlawful and/or unfair business practices;

      d.   Granting Trico its attorneys' fees and costs incurred in this action pursuant to California Civil Code § 1021.5; and

      e.   Granting Trico all other remedies available under California law in order to achieve fairness and prevent the unjust enrichment of Bosch LLC.

H.      An order directed to the United States Patent and Trademark Office to issue a certificate pursuant to 35 U.S.C. §256 correcting inventorship of the '974 patent by removing Wilfried Merkel, Wolfgang Leutsch and Thomas Kotlarski as named inventors, and naming Johannes Fehrsen as the sole inventor of the '974 patent.

I.      A declaration that Trico is the sole owner of the '974 patent.

J.       An order directed to the United States Patent and Trademark Office to issue a certificate pursuant to 35 U.S.C. §256 correcting inventorship of the '434 patent by removing Manfred Wilhelm, Thomas Kotlarski and Julius Mazurkiewicz as named inventors, and naming Johannes Fehrsen and Adriaan Swanepoel as the sole inventors of the '434 patent.

L.       A declaration that Trico is the sole owner of the '434 patent.

M.       An order finding this an exceptional case under 35 U.S.C §285, and awarding Trico its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon.

N.       An order awarding Trico any other such relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Jennifer L. Fitzgerald*
Jennifer L. Fitzgerald
*jfitzgerald@freebornpeters.com*
ARDC No. 6229243
David S. Becker
*dbecker@freebornpeters.com*
ARDC No. 6271932
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6585

*Counsel for Defendants,*
 *Trico Products Corporation*

Of Counsel (motions for pro hac vice admission pending):

Leslie G. Fagen
Nicholas Groombridge
Kripa Raman

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
lfagen@paulweiss.com
ngroombridge@paulweiss.com
kraman@paulweiss.com
phone: (212) 373-3000
fax: (212) 757-3990

<u>**CERTIFICATE OF SERVICE**</u>

I, Jennifer Fitzgerald, counsel for Defendant-Counterplaintiff Trico Products Corporation

hereby certify that, in March 15, 2012, I served a true and correct copy of  **TRICO PRODUCTS**

**CORPORATION'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND**

**COUNTERCLAIMS** upon counsel for Plaintiff by electronically filing the same in the

CM/ECF system, which automatically transmitted a Notice of Electronic Filing to all ECF

registrants.

Dated: March 15, 2012                    */s/ Jennifer L. Fitzgerald*
                                         Jennifer L. Fitzgerald
                                         FREEBORN & PETERS LLP
                                         311 South Wacker Drive, Suite 3000
                                         Chicago, IL 60606
                                         (312) 360-6585

                                         *Counsel for Defendants,*
                                         *    Trico Products Corporation*