12-437.131-RSK                                                July 24, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT BOSCH LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 12 C 437 |
| TRICO PRODUCTS CORPORATION, and TRICO PRODUCTS, | ) |
| Defendants. | ) |
| TRICO PRODUCTS CORPORATION, | ) |
| Counter-Plaintiff, | ) |
| v. | ) |
| ROBERT BOSCH LLC and ROBERT BOSCH GmbH, | ) |
| Counter-Defendants. | ) |

## MEMORANDUM OPINION

Before the court is counter-defendant Robert Bosch GmbH's ("Bosch GmbH") motion to dismiss. For the reasons explained below, we grant Bosch GmbH's motion in part and deny it in part.

## BACKGROUND

Counter-defendant Robert Bosch LLC ("Bosch USA") is a wholly-owned subsidiary of Bosch GmbH, a German company. Bosch USA filed

this lawsuit against Trico Products Corporation ("Trico")[1] for infringement of seven patents relating to windshield wiper blades. Trico's counterclaims include two claims for correction of inventorship against Bosch USA and Bosch GmbH pursuant to 35 U.S.C. § 256. Trico alleges that two individuals, Adriaan Swanepoel and Johannes Fehrsen, invented a "beam-blade" windshield wiper in the early 1990's. (Trico Counterclaim ¶ 27.) Bosch GmbH, in an attempt to commercialize the beam-blade concept, sought assistance from Swanepoel and Fehrsen. (Id. at ¶ 28.) During discussions with Bosch GmbH, Swanepoel and Fehrsen conceived and disclosed to Bosch GmbH certain inventions related to beam-blade wipers. (Id. at ¶¶ 29, 49.) In 1998, without Swanepoel's or Fehrsen's permission, Bosch GmbH filed patent applications in Germany for those inventions. (Id. at ¶¶ 30, 50.) It later filed patent applications in the United States claiming the same inventions without naming Fehrsen and Swanepoel as inventors. (Id.) The United States Patent and Trademark Office ("USPTO") ultimately granted those applications. (See id. at ¶¶ 31, 51); see also U.S. Patent Nos. 6,292,974 (the "'974 Patent") and 6,675,434 (the "'434 Patent"). The patents, like the applications, list inventors other than Fehrsen and Swanepoel. (See Trico's Counterclaim ¶¶ 31, 51.) In its Third and Fourth Counterclaims, Trico seeks an order

---

[1] Bosch USA also sued "Trico Products," an entity that Trico contends does not exist. (See Trico Answer, Dkt. 28, at 1 n.1.) Whether or not Trico Products exists as a separate entity is irrelevant to the present motion.

- 3 -

removing the named inventors from the '974 and '434 Patents and substituting Fehrsen and Swanepoel. (Id. at ¶¶ 42, 60.) Trico also seeks a declaration that it is the proper owner of the '974 and '434 Patents pursuant to assignments from Fehrsen and Swanepoel. (Id. at ¶¶ 43, 61.) Bosch GmbH has moved to dismiss Trico's claims against it pursuant to Rule 12(b)(2) for lack of personal jurisdiction. In the alternative, it argues that it is not a proper party to Trico's § 256 claims because it assigned the '974 and '434 Patents to Bosch USA in 2008. See Fed. R. Civ. P. 12(b)(6); see also Fed. R. Civ. P. 21 ("Misjoinder and Nonjoinder of Parties").

## DISCUSSION

**A. Personal Jurisdiction**

Matters of personal jurisdiction in cases arising under the patent laws are governed by Federal Circuit law. See TechnoLines, LP v. GST AutoLeather, Inc., 799 F.Supp.2d 871, 874 (N.D. Ill. 2011) (Grady, J.) (citing Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed.Cir. 2003)). "Rule 4 is the starting point for any personal jurisdictional analysis in federal court." Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico, 563 F.3d 1285, 1293 (Fed. Cir. 2009). Pursuant to Rule 4(k)(1), serving a summons establishes personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is

- 4 -

located[.]" See Fed. R. Civ. P. 4(k)(1)(A). Rule 4(k)(2) provides an alternative method of establishing personal jurisdiction over a defendant where: "(1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process." Synthes, 563 F.3d at 1294; see also Fed. R. Civ. P. 4(k)(2). Under both provisions, we apply the familiar "minimum contacts" due-process analysis. See Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945). But in cases governed by Rule 4(k)(2), the relevant question is whether the defendant has sufficient contacts "with the United States as a whole" — rather than the forum state — to establish personal jurisdiction. Synthes, 563 F.3d at 1293. We may presume that the defendant is not subject to personal jurisdiction in any state court if it does not identify an alternative state forum. See Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1415 (Fed. Cir. 2009) ("[I]f 'the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2).'") (quoting ISI Int'l, Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 552 (7th Cir. 2001)). Here, Bosch GmbH has not

- 5 -

identified any other state "where suit is possible," therefore we will proceed under Rule 4(k)(2).[2]

Trico focuses primarily on specific — rather than general — jurisdiction. To establish specific jurisdiction, Trico must show that "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair." Synthes, 563 F.3d at 1297. Bosch GmbH purposefully directed its activities at the United States by filing patent applications in this country. See Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation, 297 F.3d 1343, 1353 (Fed. Cir. 2002) ("Obtaining [a United States Patent] is a meaningful contact with the United States; it requires a patentee purposefully to avail him or herself of a significant benefit of United States law."). And Trico's § 256 claim arises directly from Bosch GmbH's applications: Trico alleges that Bosch GmbH misidentified the inventors of the devices claimed in the '974 and '434 Patents. (See Counterclaim ¶¶ 30-31, 50-51.) The applications constitute only two contacts with the United States, but even one contact may suffice where, as here, it is "substantially related" to the plaintiff's claim. Red Wing Shoe

---

[2]/ The Federal Circuit has reserved ruling on whether a court must first analyze personal jurisdiction under Rule 4(k)(1) before reaching Rule 4(k)(2). See Synthes, 563 F.3d at 1296; Touchcom, 574 F.3d at 1415 n.5. Trico, which has the burden of establishing personal jurisdiction, relies on Rule 4(k)(2) exclusively. (See Trico Resp. at 4-7.) Under the circumstances, we think it is appropriate to proceed directly to Rule 4(k)(2).

- 6 -

Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1359 (Fed. Cir. 1998); see also See Synthes, 563 F.3d at 1297.  As Bosch GmbH points out, (see Bosch GmbH Reply at 9-10), some of the cases that Trico relies on involved multiple contacts with the forum state. See, e.g., Deprenyl, 297 F.3d at 1351-52 (the defendant's relevant contacts included negotiations by telephone and mail and one trip to the forum state).  But the claims in those cases were different. See id. (declaratory judgment action asserting that the parties' license agreement did not apply to sales of a certain drug and that the sales did not infringe the licensed patent); see also Genetic Implant Systems, Inc. v. Core-Vent Corp., 123 F.3d 1455, 1458-59 (Fed. Cir. 1997) (declaratory judgment action asserting invalidity and noninfringement).  The gravamen of a § 256 claim is the content of the application and the patent itself.

    We also conclude that exercising personal jurisdiction over Bosch GmbH is "reasonable and fair."  Synthes, 563 F.3d at 1297. "To determine whether exercising personal jurisdiction would comport with fair play and substantial justice, we consider five factors: (1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive social policies." Id.

at 1299 (internal quotation marks omitted). While litigating in a foreign jurisdiction would impose some burden on Bosch GmbH, we do not believe that the burden would be onerous. We take judicial notice of the fact that federal lawsuits rarely proceed to trial, so the likelihood that Bosch GmbH's officers would have to appear in Chicago for trial is small. It is much more likely that Trico would depose Bosch GmbH's officers, but we would not require them to travel to Chicago for that purpose. As for written discovery, litigants routinely exchange documents electronically even in lawsuits between parties residing in the same district. The parties in this case are clearly sophisticated and resourceful, so we are confident that they could manage the discovery process to eliminate any unnecessary burden on Bosch GmbH. With respect to the second factor, the United States has a substantial interest in enforcing its patent laws and ensuring that patents and patent applications accurately disclose inventorship. See id. at 1299 ("The United States has a 'substantial interest' in enforcing the federal patent laws."); see also Chou v. University of Chicago, 254 F.3d 1347, 1358 (Fed. Cir. 2001) (both individual inventors, and the public, have an interest in "assuring correct inventorship designations on patents"). The third and fourth factors also support exercising jurisdiction. As we discuss below, Bosch GmbH disclaims any continuing economic interest in the patents. But at the same time, it denies Trico's claim that Swanepoel and Fehrsen

- 8 -

are the true inventors, (see Bosch GmbH Reply at 12), and it likely possesses evidence relevant to Trico's claim. Indeed, it is unclear at this stage of the case what basis Bosch USA has for denying Trico's § 256 allegations except through information gleaned from Bosch GmbH, the party involved in the events that give rise to Trico's claim. (See, e.g., Bosch USA Answer to Counterclaims ¶ 31 ("Bosch [USA] states that Fehrsen was not named as an inventor because he was not an inventor . . . .").) Bosch GmbH did not assign the patents to Bosch USA until June 2008, years after the USPTO issued the '974 Patent (2001) and the '434 Patent (2004). (See Assignment, dated June 17, 2008, attached as part of Group Ex. 3 to Decl. of C.H. Cross.) As between the two defendants, it seems likely that Bosch GmbH will possess most if not all of the information relevant to inventorship, and it would be burdensome for Trico to obtain that information if Bosch GmbH is not a party to this lawsuit.[3] See, e.g., Lechoslaw v. Bank of America, N.A., 618 F.3d 49, 57-58 (1st Cir. 2010) (recognizing the delay and expense associated with seeking discovery through the Hague Convention). The delays that attend international third-party discovery ultimately affect this court, impairing our ability to efficiently adjudicate the parties' dispute. Finally, Bosch GmbH has not suggested that exercising jurisdiction will somehow

---

[3] Trico may have no choice if it cannot amend its complaint to allege that Bosch GmbH has a sufficient stake in the inventorship question to make it a proper party to Trico's § 256 claim. (See infra.) But for purposes of evaluating personal jurisdiction, we think that the burden of international third-party discovery is a relevant consideration.

- 9 -

impair any shared interest between the United States and Germany. In sum, this is not the "rare" case where fairness dictates declining jurisdiction over a defendant that has "purposefully engaged in forum activities." Synthes, 563 F.3d at 1300 (citation and internal quotation marks omitted).

Bosch GmbH's motion to dismiss Trico's counterclaims for lack of personal jurisdiction is denied.

**B.      Whether Bosch GmbH is a Proper Party to Trico's § 256 Claim**

Section 256 provides a cause of action for parties seeking to challenge inventorship:

> The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

35 U.S.C. § 256(b); see also Chou, 254 F.3d at 1357 (Section 256 "provides a cause of action for judicial correction of inventorship . . . ."). Bosch GmbH argues that Trico cannot state a claim for relief against it because it assigned the patents to Bosch USA. The Federal Circuit has held that a party claiming an economic interest in the patents at issue may be joined as a defendant to a § 256 claim, even over its objection. See Chou, 254 F.3d at 1359.[4] Two district courts, construing Chou, have held that ownership is a sufficient, but not a necessary, condition to being sued under §

---

[4] Neither Bosch GmbH nor Trico cite Chou or any other case directly addressing the proper parties to a § 256 claim.

256. See Schwindt v. Hologic, Inc., No. 1:11-cv-00110-JMS-MJD, 2011 WL 3806511, *5-6 (S.D. Ind. Aug. 26, 2011); Jardin v. Datallegro, Inc., No. 10-CV-2552-IEG (WVG), 2011 WL 3300152, *7 (S.D. Cal. July 29, 2011). In Schwindt, the plaintiff sued four defendants under § 256: the assignee of the subject patent, the assignee's purchaser, and two of the named inventors. See Schwindt, 2011 WL 3806511, *2-3. The named inventors moved to dismiss the claim against them, arguing essentially what Bosch GmbH argues here: "[b]ecause Defendants Miller and Mark assigned their rights to the '824 patent to Defendant Suros, they argue, they have no economic interest and are therefore not proper parties to this litigation." Id. at *5. The Schwindt court rejected this argument, reasoning that "it would be absurd to suggest that the notice requirement built into § 256 means that if two inventors conspire to keep a third inventor's name from a patent, and the two inventors assign the patent to a third party, the non-named inventor cannot add the two inventors in a § 256 [lawsuit]." Id. at *6. We think that Scwhindt's reasoning is sound, but it is distinguishable. The objecting defendants in Schwindt were the named inventors, who necessarily had a stake in the outcome of the plaintiff's § 256 claim. See, e.g., Jardin, 2011 WL 3300152, *8 (concluding that the named inventor was a proper party to the plaintiff's § 256 suit even though he no longer had an economic interest in the patent). Bosch GmbH is a material witness, but

Case: 1:12-cv-00437 Document #: 110 Filed: 07/24/13 Page 11 of 12 PageID #:1718

- 11 -

currently it does not appear to have any interest (economic or non-economic) in the patents.[5] Trico off-handedly suggests that Bosch GmbH may be required to disgorge "ill-gotten revenue" from the patents if we ultimately conclude that Swanepoel and Fehrsen are the true inventors. (See Trico Resp. at 10.)  But as Bosch GmbH points out, (see Bosch GmbH Reply at 11-12), Trico does not request this relief in its complaint or allege facts supporting such a request.  Bosch GmbH's motion to dismiss Trico's counterclaims for failure to state a claim is granted.

## CONCLUSION

Defendant Bosch GmbH's motion to dismiss [69] is granted in part and denied in part.  Insofar as the motion is predicated on lack of personal jurisdiction, it is denied.  However, the motion is granted on the ground that Trico has failed to state a claim for relief.  Trico's Third and Fourth Counterclaims against Bosch GmbH are dismissed without prejudice.  Trico is given leave to file amended counterclaims by August 16, 2013 that cure the deficiencies we have identified with its claims, if it can do so. If Trico chooses not to file amended counterclaims by that date, we will dismiss its counterclaims against Bosch GmbH with prejudice.

---

[5] Bosch GmbH is the sole owner of Bosch USA, but we are not persuaded that this is sufficient to make it a proper defendant.  The Schwindt court based its ruling in part on the defendants' ownership and control of the corporate defendant, but the plaintiff alleged that the corporate defendant was essentially a shell company.  See Scwhwindt, 2011 WL 3806511, *2, *6.  There are no comparable allegations here.

- 12 -

DATE:   July 24, 2013

ENTER:   /s/ John F. Grady

John F. Grady, United States District Judge